**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 19-4502**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GEOFFREY MARK GORDON,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:04-cr-00177-NCT-1)

─────────────

Submitted:  November 12, 2019             Decided:  November 18, 2019

─────────────

Before QUATTLEBAUM and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Brian Michael Aus, BRIAN AUS, ATTORNEY AT LAW, Durham, North Carolina, for Appellant.  Michael Francis Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Geoffrey Mark Gordon appeals the district court's order revoking his supervised release and imposing a 13-month revocation sentence. Appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Gordon's revocation sentence is plainly unreasonable. We affirm.

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). We review revocation sentences for both procedural and substantive reasonableness. *Id.* A sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2012) factors, and adequately explained the chosen sentence. *Id.* In imposing a revocation sentence, the district court "must provide enough of an explanation to assure this [c]ourt that it considered the parties' arguments and had some basis for choosing the imposed sentence." *Id.* at 210.

The district court correctly determined that Gordon's advisory policy statement range was 18 to 24 months, with a statutory maximum of 24 months. After Gordon asked the district court to consider imposing a sentence in the range of 7 to 13 months, the court imposed a 13-month sentence followed by an additional 22 months of supervised release. We have reviewed the record and conclude that, even if the district court's explanation of

2

the sentence was insufficient, any procedural error was harmless because the sentence the court imposed was both below the advisory policy statement range and within the range requested by Gordon. Further, nothing in the record rebuts the presumption of substantive reasonableness attached to Gordon's below-policy-range sentence. *See United States v. Webb*, 738 F.3d 638, 642 (4th Cir. 2013).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Gordon, in writing, of the right to petition the Supreme Court of the United States for further review. If Gordon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gordon. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*